DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2008-158 |
| ) | |
| THE TERRITORY OF THE VIRGIN ) | |
| ISLANDS, and VIRGIN ISLANDS POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

ATTORNEYS:

**Jeffrey R Murray**
**Sansara Adella Cannon**
United States Department of Justice
Washington, D.C.
　*For the plaintiff,*

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
**Terri L. Griffiths**
St. Thomas, U.S.V.I.
　*For the defendants.*

## ORDER

On December 23, 2008, the United States filed a Complaint in this matter. The Complaint alleged that the Virgin Islands Police Department ("VIPD") had engaged in a pattern of conduct that deprived people of the rights and privileges that were guaranteed to them by the Constitution and laws of the United States. On the same date, the parties submitted to the Court a proposed Consent Decree (the "decree"), in which the parties

agreed to achieve substantial compliance by August 21, 2009. The Court issued the consent decree on March 24, 2009.

The decree lists in detail the various steps VIPD is to undertake to correct the pattern of conduct that led the United States to bring this suit. Notwithstanding, the VIPD has failed to meet the August 21, 2009, substantial compliance deadline to which it agreed. In light of that failure, the Court instituted a system of quarterly evidentiary hearings in this matter. The hearings serve the purpose of keeping the Court informed of VIPD's progress towards achieving compliance with the decree's requirements. The quarterly hearings also provide an incentive for VIPD to continuously work towards achieving compliance with the decree's requirements.

Having afforded VIPD more than several years to attain measurable progress towards substantial compliance, the Court, at a hearing held on November 21, 2016, set February 23, 2017, as the date by which VIPD was to achieve substantial compliance with all of the decree's requirements.

On February 10, 2017, VIPD filed a motion for an extension of time to comply with all of the requirements of the decree. In its motion, the VIPD indicated that it could not achieve substantial compliance by February 23, 2017. The Court has since urged the parties to undertake such efforts as are necessary to

*US v. VIPD*
Civil No. 8-158
Order
Page 3

achieve substantial compliance on or before the third quarterly hearing for 2017.

The premises considered, it is hereby

**ORDERED** that the Motion for Extension of Time to Comply With All Requirements of the Consent Decree is hereby **GRANTED;** and it is further

**ORDERED** that the VIPD shall achieve substantial compliance with all of the Consent Decree's requirements no later than November 23, 2017.

        S\_____
        **Curtis V. Gómez**
        **District Judge**