```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

**UNITED STATES OF AMERICA,** )
)
       **Plaintiff,** )
)
       v. ) Civil No. 2008-158
)
**THE TERRITORY OF THE VIRGIN** )
**ISLANDS and the VIRGIN ISLANDS** )
**POLICE DEPARTMENT,** )
)
       **Defendants.** )
)

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Joycelyn Hewlett, AUSA**
**Sansara Cannon, AUSA**
United States Attorney's Office
St. Thomas, VI
**Jeffrey Murray, Esq.**
**Aaron Fleisher, Esq.**
**Paul Killebrew, Esq.**
United States Department of Justice
Washington, D.C.
    *For the plaintiff,*

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Terri L. Griffiths, SAAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the defendants.*

<u>**ORDER**</u>

**GÓMEZ, J.**

On July 6, 2018, the Court appointed Chief Robert McNeilly as an expert on police practices. Chief McNeilly was ordered to report to the Court on steps that the Virgin Islands Police

Department ("VIPD") could take to advance compliance with the Consent Decree entered in this case. *See* ECF No. 331. On August 20, 2018, the Court filed two reports authored by Chief McNeilly, which contained numerous recommendations to VIPD. ECF No. 346. At a hearing in this matter on September 4, 2018, the Court ordered the Parties to adapt Chief McNeilly's recommendations into a proposed order. In their joint report regarding Chief McNeilly's recommendations, ECF No. 354, the Parties demonstrated that VIPD had already implemented many of Chief McNeilly's recommendations, though several remained to be fully implemented and were addressed in a jointly proposed order, ECF No. 354-41.

After the Parties filed their joint report and proposed order, the Independent Monitoring Team ("IMT") contacted the Court to inquire whether it should monitor VIPD's progress in implementing Chief McNeilly's recommendations. The Court held a telephonic status conference with the Parties on October 4, 2018, to discuss the IMT's inquiry.

In the wake of that conference, the Court has considered the parties' positions. At the same time, the Court is mindful that the VIPD Consent Decree currently is the oldest active United States Department of Justice initiated police department Consent Decree in the nation. The Court also understands that

the VIPD is one of the smallest, if not the smallest, police department that is under a Consent Decree. Given that backdrop, the Court appreciates the parties' effort to adopt such inroads as will expedite the process by which VIPD will achieve substantial compliance with the provisions of the Consent Decree. To that end, the Court finds that accomplishment of the tasks outlined by Chief McNeilly is essential.

The premises considered, it is hereby

**ORDERED** that when the IMT reports on VIPD's compliance with the Consent Decree in its quarterly reports, it shall include VIPD's efforts to implement Chief McNeilly's recommendations to the extent that the IMT disagrees with, or finds deficient, any assessments regarding implementation of Chief McNeilly's recommendations that may be submitted by the parties; and it is further

**ORDERED** that the parties and the IMT shall collaboratively undertake such efforts as will avoid duplication of efforts, and as will minimize costs to the VIPD.

S\_____
**Curtis V. Gómez**
**District Judge**