DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2008-158 |
| ) | |
| **THE TERRITORY OF THE VIRGIN** ) | |
| **ISLANDS and the VIRGIN ISLANDS** ) | |
| **POLICE DEPARTMENT,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Joycelyn Hewlett, AUSA**
**Sansara Cannon, AUSA**
United States Attorney's Office
St. Thomas, VI
**Jeffrey Murray, Esq.**
**Aaron Fleisher, Esq.**
**Paul Killebrew, Esq.**
United States Department of Justice
Washington, D.C.
    *For the plaintiff,*

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Terri L. Griffiths, SAAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the defendants.*


                              **ORDER**

**GÓMEZ, J.**

     In 2008, the United States of America filed this action

against the Territory of the Virgin Islands and the Virgin

Islands Police Department ("VIPD") pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.

In March 2009, the Court approved the Consent Decree in this matter. In the Consent Decree, the VIPD agreed to implement comprehensive reforms to ensure that the VIPD delivers constitutional, effective policing services that promote public safety and police integrity. The Consent Decree requires a complete review and update of VIPD's use of force policies, training, and practices, as well as the implementation of internal and external systems of accountability that will ensure the sustainability of critical reforms.

Implementing sustainable reforms at VIPD is a significant undertaking. It requires strategic planning, ongoing collaboration, continuous program development and evaluation, and consistent investment in human and other resources.

Currently, the VIPD Consent Decree is the oldest unresolved consent decree against any police department in the United States. In light of that history, the Court appointed Robert McNeilly, an expert on police practices, and directed him to assess the cause of the VIPD's delay in achieving substantial compliance with the Consent Decree. In a responsive comprehensive report, McNeilly indicates that a significant reason that the VIPD has not achieved compliance with the terms

of the Consent Decree over the past nine years has been the constant change in leadership[1] experienced by the VIPD. *See* Progress of the Virgin Islands Consent Decree, ECF 346-1, at 3. Importantly, McNeilly noted that the VIPD "has made considerable gains in compliance during the past several years due to committed leadership among the higher ranks in the department," but that "any change in leadership in the department could disrupt progress towards compliance without available trained and experienced managers to continue to move the department into compliance." *Id.*

In light of that assessment, VIPD designated certain principals to steer the VIPD towards substantial compliance. That effort has borne fruit as the VIPD appears to be on the verge of achieving substantial compliance with all provisions of the Consent Decree before 2019. To the extent that critical milestone is achieved, it must be monitored and maintained for two years.

The Court recognizes that the executive branch may change the position or status of certain principals associated with the VIPD. The Court also recognizes the need to achieve and foster compliance with the provisions of the Consent Decree; and the

---

[1] The VIPD has had seven different commissioners over the past nine years.

need to be timely apprised of any developments that may affect sustained compliance.

The premises considered, it is hereby

**ORDERED** that the parties shall file a notice with the Court advising the Court of any change in position or status of any principal involved in this matter, including counsel, at least seven days in advance of the effective date of any change in status or position; provided, however, that, such notice to the Court shall be filed immediately if a principal is afforded less than seven days notice before a change in status or position is effective.

S\_____
**Curtis V. Gómez**
**District Judge**