**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:08-cv-00158 |
| ) | |
| **THE TERRITORY OF THE VIRGIN ISLANDS** ) | |
| **and the VIRGIN ISLANDS POLICE** ) | |
| **DEPARTMENT,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is the Consent Decree in this matter between the United States of America and the Territory of the Virgin Islands and the Virgin Islands Police Department ("VIPD"). (ECF No. 3.)[1]

In 2008, the United States of America filed this action against the Territory of the Virgin Islands and the VIPD pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. Thereafter, in March 2009, the Court approved the Consent Decree in this matter. (ECF No. 3.) In the Consent Decree, the VIPD agreed to implement comprehensive reforms to ensure that the VIPD delivers constitutional, effective policing services that promote public safety and police integrity. The Consent Decree requires monitoring by an Independent Monitor.

In March 2021, the Independent Monitor, Chief Charles Gruber, informed the parties and the Court that he would conclude his duties monitoring and reporting on the VIPD's implementation of the Consent Decree effective March 31, 2021.[2] On March 19, 2021, the

---

[1] The Court has amended the Consent Decree in this matter eight times. Those amendments can be found in orders entered on June 29, 2010, November 2, 2012, December 13, 2012, February 21, 2013, March 12, 2013, May 22, 2014, August 21, 2015, and October 29, 2020. (ECF Nos. 9, 61, 62, 66, 67, 97, 165, and 480.)

[2] Tragically, Chief Gruber passed away thereafter. Chief Gruber had served as the Independent Monitor in this matter since 2014 and as a police practices expert for the prior Independent Monitor since 2009. Chief Gruber's unparalleled devotion, discernment, and experience—including over 50 years of police and law enforcement experience; service as Chief of Police for the cities of Quincy, Illinois; Shreveport, Louisiana; Elgin, Illinois; and South Barrington, Illinois; and work as a police practices expert for the Department of Justice since 2002—have been instrumental in promoting constitutional police practices within the VIPD. The Court expresses its sincere

*USA v. VIPD, et al.*
Case No. 3:08-cv-00158
Order
Page 2 of 4

Court requested that the parties inform the Court of their positions on the identification and selection of a new Independent Monitor in light of the provisions of the Consent Decree.

In response, the United States recommends that the Court employ a monitor selection process consistent with Paragraph 82 of the Consent Decree.[3] The United States also recommends that the Court designate a current member of the Independent Monitor's team to serve as an Interim Independent Monitor during the process of selecting a new Independent Monitor. Specifically, the United States asserts that "Associate Monitor Chet Epperson is suitable for the role of Interim Independent Monitor, given Chief Epperson's current role in monitoring the use of force issues that remain central to this case, his familiarity with the Court through previous hearings, and . . . his interest and availability to serve as the Interim Independent Monitor." *See* United States' Br. in Resp. to Ct.'s March 19, 2021 Order Regarding Selection of New Independent Monitor at 3, ECF No. 510-1.

Regarding selection of a new Independent Monitor, the VIPD concurs with the United States that the Court should employ a monitor selection process consistent with Paragraph 82 of the Consent Decree. With respect to the appointment of an Interim Independent Monitor, however, the VIPD argues that interim monitoring is not warranted given the current status of VIPD's compliance with the Consent Decree. As such, the VIPD proposes that the VIPD engage in self-monitoring during the period of time necessary for the process of selecting a new Independent Monitor.

---

gratitude for Chief Gruber's years of dedicated and invaluable service in this matter and thanks his family for his tireless and steadfast efforts.

[3] Paragraph 82 of the Consent Decree provides that:

> By 150 days from the date of this Agreement, the Territory and the DOJ shall together select an Independent Monitor, acceptable to both, who shall monitor and report on the VIPD's implementation of this Agreement. The parties recognize that one person, or team of people, may be selected to fulfill the role of Monitor. The selection of the Monitor shall be pursuant to a method jointly established by the DOJ and the Territory. If the DOJ and Territory are unable to agree on a Monitor or an alternative method of selection within 150 days from the date of this Agreement, the DOJ and the Territory each shall submit two candidates who have experience as a law enforcement practices expert or monitor, or as a Federal, state or local prosecutor or judge, along with résumés and cost proposals, to the Court. The Court shall then appoint the Monitor from among the names of qualified persons submitted. The selection of the Monitor shall be conducted solely pursuant to the procedures set forth in this Agreement, and will not be governed by any formal or legal procurement requirements.

*See* Consent Decree at 23, ECF No. 3

Given the age of this matter and the VIPD's recent struggles with maintaining substantial compliance with the Consent Decree, the Court finds that a pause in independent monitoring, especially in favor of self-monitoring, would be inappropriate here. The VIPD has been subject to the Consent Decree in this matter for over twelve years. After many years of little to no progress toward compliance, the Court first found the VIPD to have obtained substantial compliance with the Consent Decree approximately two and a half years ago—almost ten years after the Court entered the Consent Decree in this matter. Thereafter, the VIPD was to maintain substantial compliance for a period of two years. The VIPD failed to do so. Indeed, the VIPD has been troubled with numerous compliance issues during this period, including issues arising with respect to several recent serious uses of force.

Significantly, "[f]ederal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced." *Frew v. Hawkins*, 540 U.S. 431, 440 (2004). Given the aforementioned circumstances and having considered the positions of the parties, the Court finds that continuous independent monitoring is imperative to informing the Court's ongoing enforcement of compliance and maintaining continued progress in this matter. As such, the Court will appoint Chief Chet Epperson, as the principal of AGR Police Practice Group, LLC, to serve as Interim Independent Monitor. Having worked on this matter for more than five years, Chief Epperson and the Independent Monitoring Team[4] are all very familiar with the provisions of the Consent Decree, VIPD's operations, VIPD's personnel, and the status of VIPD's compliance. Moreover, they are knowledgeable about what VIPD must accomplish to comply with the Consent Decree and are prepared to provide VIPD with the technical assistance necessary to assist it in its efforts to regain substantial compliance. Because Chief Epperson and the Independent Monitoring Team have participated in monitoring the VIPD's compliance with the Consent Decree since

---

[4] As Interim Independent Monitor, Chief Epperson's monitoring team will be comprised of the same members of the former Independent Monitoring Team that have assisted in the monitoring of the Consent Decree in this matter since 2014—namely Retired U.S. Customs Service Resident Agent in Charge Leon A. Casey, Sr.; Retired Boston Police Department Superintendent Ann Marie Doherty; Retired International Association of Chiefs of Police Director Jerome A. Needle; and Retired Montgomery County Police Department Lieutenant Palmer D. Wilson.

Case: 3:08-cv-00158-RAM-RM Document #: 515 Filed: 05/19/21 Page 4 of 4

USA v. VIPD, et al.
Case No. 3:08-cv-00158
Order
Page 4 of 4

2015 and earlier,[5] they are uniquely positioned to ensure the continuous monitoring that is essential to the Court's ongoing enforcement of compliance in this matter during the process of selecting a new Independent Monitor.

The premises considered, it is hereby

**ORDERED** that, pursuant to the Court's inherent compliance enforcement powers, Chet Epperson, as the principal of AGR Police Practice Group, LLC, is **APPOINTED** to serve as Interim Independent Monitor until such time as the Court appoints a new Independent Monitor selected by the parties pursuant to the procedures set forth in Paragraph 82 of the Consent Decree. The Interim Independent Monitor shall assume all duties, responsibilities, and rights of the Independent Monitor as provided in the Consent Decree.

**Date:** May 19, 2021

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**

---

[5] Certain members of the Independent Monitoring Team have consulted as police practices experts in this matter since 2009.