**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE TERRITORY OF THE VIRGIN ISLANDS** )<br>and the **VIRGIN ISLANDS POLICE** )<br>**DEPARTMENT,** )<br>)<br>**Defendants.** )<br>) | Case No. 3:08-cv-00158 |

## ORDER

**BEFORE THE COURT** is the motion of the Virgin Islands Police Department ("VIPD") requesting that the Court modify the Consent Decree and enter an order terminating the Training Section of the Consent Decree (paragraphs 73-81). (ECF No. 499.) Also before the Court is the response of the United States to the VIPD's motion agreeing that termination of the Training Section of the Consent Decree is warranted. (ECF No. 503.) For the reasons outlined below, the Court will grant the VIPD's motion.

## I. BACKGROUND

In 2008, the United States of America filed this action against the Territory of the Virgin Islands and the VIPD (collectively, the "Virgin Islands") pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. Thereafter, in March 2009, the Court approved the Consent Decree in this matter. (ECF No. 3.)[1] In the Consent Decree, the Virgin Islands agreed to implement comprehensive reforms to ensure that the VIPD delivers constitutional, effective policing services that promote public safety and police integrity. The Consent Decree requires a complete review and update of VIPD's use of force policies, training, and practices, as well as the implementation of internal and external systems of accountability that will ensure the sustainability of critical reforms.

---

[1] The Court has amended the Consent Decree in this matter eight times. Those amendments can be found in orders entered on June 29, 2010, November 2, 2012, December 13, 2012, February 21, 2013, March 12, 2013, May 22, 2014, August 21, 2015, and October 29, 2020. (ECF Nos. 9, 61, 62, 66, 67, 97, 165, and 480.)

With respect to its termination, the Consent Decree originally provided in pertinent part that it would "terminate five years after the effective date of the [Consent Decree] or earlier if the parties agree that the Virgin Islands is in substantial compliance with each of the provisions of this Agreement, and has maintained substantial compliance for at least two years." Consent Decree at ¶ 103, ECF No. 3. However, given the Virgin Islands' stark lack of progress toward substantial compliance with the Consent Decree in the early years of this matter, the United States moved to amend the Consent Decree's termination provision in 2012. After hearing arguments on the United States' motion, the Court entered an order on November 2, 2012, finding that the circumstances, along with the original purpose and intent of the Consent Decree, justified amending the Consent Decree's termination provision. As such, pursuant to the Court's November 2, 2012 Order amending the Consent Decree, the Consent Decree now provides that it "will terminate two years after the VIPD and the Territory have achieved compliance with each of the provisions of [the Consent Decree], and have maintained substantial compliance for at least two years." *See* Order at 8, Nov. 2, 2012, ECF No. 61.

Subsequently, the Territory of the Virgin Islands and the VIPD made admirable progress toward compliance with the Consent Decree. Indeed, on December 19, 2018, the Court found the VIPD to be in substantial compliance with each provision of the Consent Decree, thus commencing the two-year sustained compliance period required to terminate the Consent Decree. During this period, the Court continued to hold quarterly evidentiary hearings and receive evidence regarding the VIPD's compliance with each provision of the Consent Decree through the testimony of members of the VIPD and the Independent Monitoring Team ("IMT"). This evidence revealed that, despite its commendable efforts, the VIPD had fallen out of compliance with certain provisions of the Consent Decree. As such, in December 2020, the Court concluded that termination of the Consent Decree was not warranted. Nevertheless, the parties and the IMT agree that the Virgin Islands has maintained substantial compliance with the Training Section of the Consent Decree for over two years.

On February 22, 2021, the Virgin Islands filed a motion requesting that the Court modify the Consent Decree by entering an order terminating the Training Section of the

Case: 3:08-cv-00158-RAM-RM Document #: 518 Filed: 05/25/21 Page 3 of 4

USA v. VIPD, et al.
Case No. 3:08-cv-00158
Order
Page 3 of 4

Consent Decree. (ECF No. 499.) Thereafter, on March 8, 2021, the United States filed a response to the Virgin Islands motion. (ECF No. 503.) In its response, the United States indicates that it agrees that termination of the Training Section is warranted.

## II. DISCUSSION

The Virgin Islands requests that the Court terminate the Training Section—paragraphs 73 to 81—of the Consent Decree. The Virgin Islands asserts that such termination is warranted because the VIPD has maintained substantial compliance with the Training Section for at least three years. Further, the Virgin Islands argues that by eliminating the costs of continued monitoring for the Training Section, the VIPD will be able to use such funds to further advance the VIPD's compliance with the Consent Decree. The United States concurs with the VIPD, noting that terminating the Training Section "will allow VIPD, IMT, and the United States to focus their efforts on the areas of the Decree that remain the most challenging." *See* United States' Resp. to Defs.' Mot. to Terminate the Training Section (Paragraphs 73-81) of the Consent Decree at 4, ECF No. 503.

"A consent decree is a hybrid of a contract and a court order." *Holland v. N.J. Dep't of Corr.*, 246 F.3d 267, 277 (3d Cir. 2001). Indeed, "[a] decree embodies the agreement of the parties and as such is in some respects contractual in nature; however, a decree is also in the form of a judicial order that the parties expect will be subject to the rules generally applicable to other judgments and orders." *Id.* Significantly, "Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable'" *Horne v. Flores*, 557 U.S. 433, 447 (2009). "Rule 60(b)(5) . . . provides a means by which a party can ask a court to modify . . . a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Id.* (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)).

A court's modification power "is long-established, broad, and flexible" and courts should apply "a flexible modification standard in institutional reform litigation . . . ." *Rufo*, 502 U.S. at 381 & n.6 (internal quotation marks omitted). "A flexible approach allows courts to ensure that 'responsibility for discharging the State's obligations is returned promptly to the State and its officials' when the circumstances warrant.'" *Horne*, 557 U.S. at 450

Case: 3:08-cv-00158-RAM-RM Document #: 518 Filed: 05/25/21 Page 4 of 4

USA v. VIPD, et al.
Case No. 3:08-cv-00158
Order
Page 4 of 4

(internal citations omitted). "[A] party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo*, 502 U.S. at 383. "If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Id.* Significantly, "[i]f a durable remedy has been implemented, continued enforcement of the order is not only unnecessary, but improper." *Horne*, 557 U.S. at 450.

The Court is satisfied that the Virgin Islands has met its burden here. The record in this case demonstrates that the VIPD has maintained substantial compliance with the Training Section of the Consent Decree since August of 2017. *See* ECF Nos. 284, 293, 308-1, 319, 340, 360-1, 381, 394-1, 409, 424, 438, 449, 460-1, and 484-1. The VIPD's record of substantial compliance with the Training Section for over three years indicates that the VIPD has implemented a durable remedy with respect to that section. Applying the flexible *Rufo* standard to the circumstances in this case, the Court finds that terminating the Training Section of the Consent Decree is warranted and will allow the Virgin Islands to focus its time, effort, and funds on maintaining substantial compliance with the remaining sections of the Consent Decree. As such, the Court concludes that it is appropriate at this time to terminate the Training Section of the Consent Decree and return the responsibility for discharging such obligations to the Virgin Islands.

The premises considered, it is hereby

**ORDERED** that the Virgin Islands' motion to modify the Consent Decree, ECF No. 499, is **GRANTED**; and it is further

**ORDERED** that the Training Section of the Consent Decree, paragraphs 73-81, is hereby **TERMINATED**.

**Date:** May 25, 2021            */s/ Robert A. Molloy*
                                                                   **ROBERT A. MOLLOY**
                                                                   **Chief Judge**